UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel T. Johnson, ) | |
| ) | C/A No. 5:13-01616-TMC-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | Report and Recommendation |
| ) | |
| Robert M. Stevenson, III, Warden at Broad River ) | |
| Corr. Inst., individual and official capacity, Gregory ) | |
| Washington, Major, individual and official capacity, ) | |
| S. Sutton, Ass. Warden of Broad River Corr. Inst., ) | |
| individual and official capacity, Dennis Bush, Ass. ) | |
| Warden of Broad River Corr. Inst., individual and ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, a pro se prisoner, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment, filed on May 23, 2014. ECF No. 37. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Plaintiff, on May 27, 2014, of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. ECF No. 38. On June 30, 2014, Plaintiff filed a Response in Opposition to Defendants' Motion. ECF No. 41. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motion for Summary Judgment is dispositive, a Report and Recommendation is entered for the court's review.

I.      Background

Plaintiff is an inmate in the South Carolina Department of Corrections ("SCDC"), and was housed at Broad River Correctional Institution ("BRCI") when the facts giving rise to his Complaint occurred. ECF No. 1. Plaintiff filed his Complaint on June 13, 2013, and alleged causes of action for "due process, equal protection, and state created liberty interest being denied Plaintiff." *Id.* at 2.

On May 18, 2012, inmate Ervin Gadsden, was injured in an altercation with other inmates. ECF No. 37-1 at ¶ 5. According to the incident report, Gadsden received stab wounds to his back, head, hands, and legs during the altercation. *Id.* at Exhibit A. Plaintiff was one of the suspects allegedly involved in the alteration that injured Gadsden. ECF No. 37-1 at ¶¶ 5-6. In May of 2012, Plaintiff was placed in administrative segregation in the Special Management Unit ("SMU") at BRCI while SCDC conducted an investigation following the assault. ECF No. 1-1 at 1.

Plaintiff maintains that his placement in SMU has deprived him of his due process, equal protection, and state protected liberty interest rights. *Id.* at 2. Further, he maintains that "his placement in [SMU] is unjustifiable and he is being denied the opportunity to a mean[ing]ful review in order to argue his case, present evidence and call witnesses as to any charges/accusations he may face against him." *Id.* Plaintiff seeks an injunction ordering Defendants to release him from lock-up, actual and nominal damages of $10,000 "against each Defendant separately," and $25,000 in punitive damages "against each Defendant together." *Id.* at 3.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972);

*see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs,* 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

    III.    Analysis

Defendants filed a Summary Judgment Motion arguing that they are entitled to judgment as a matter of law as to all of Plaintiff's claims. The undersigned will address each of Defendants' arguments in turn.

### A.  Injunctive Relief

Defendants argue that Plaintiff's claim for injunctive relief—that he be released from SMU—should be denied as moot. ECF No. 37 at 4. Defendants maintain that Plaintiff was transferred from BRCI to another institution in August of 2013, and he is no longer detained in SMU; therefore, his request for injunctive relief is moot. *Id.*

The undersigned recommends dismissing Plaintiff's claim for injunctive relief. "[F]ederal courts have no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (internal citations omitted). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citations omitted). Since filing his Complaint, Plaintiff has been transferred out of BRCI and is no longer confined in SMU. *See* ECF No. 37-1 at ¶¶ 6-7. Accordingly, the undersigned recommends dismissing Plaintiff's request for injunctive relief based on mootness.

### B.  Equal Protection Claim

Defendants argue that Plaintiff's allegations that he was segregated from the general population and placed in SMU are insufficient to sustain an equal protection violation. ECF No. 37 at 6. In Response, Plaintiff maintains that his argument "hinges upon the Fact that Policy and Procedure, as it is applies and enforced upon the inmate population as a whole,

4

has not been followed as he was unjustly imprisoned upon Administrative segregation for an unjustifiable 15 months." ECF No. 41 at 5. Plaintiff describes his segregation as "Cruel and Unusual Punishment." *Id.* The remainder of Plaintiff's argument focuses on whether he maintains a protected liberty interest in remaining in general population.[1] *Id.* at 6-7.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.* A prisoner can make an equal protection claim if he is singled out as an individual for "arbitrary and irrational treatment," with no rational basis for such disparate treatment, even if one is not being discriminated against as a member of a certain group. *See Village of Willowbrook v. Olech,* 528 U.S. 562 (2000); *Willis v. Town of Marshall, N.C.,* 426 F.3d 251, 263 (4th Cir. 2005). When equal protection challenges arise in a prison context, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. *Veney v. Wyche,* 293 F.3d 726, 730–32 (4th Cir. 2002). In such instances, a prisoner claiming an equal protection violation must allege facts demonstrating "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination," and the court must determine whether the disparate treatment is "reasonably related to any legitimate penological interest." *Id*.

---

[1] Whether Plaintiff maintains a protected liberty interest in remaining in the general population is more akin to a due process argument and will be addressed in the following section.

Here, Plaintiff maintains only that he has been singled out among approximately 250 other inmates and placed in SMU. ECF No. 1-1 at 1. However, Plaintiff does not allege or offer any evidence to support an allegation that he was treated differently from others in the prison's general population because of intentional or purposeful discrimination. *See* ECF Nos. 1, 41. Plaintiff's broad assertion that that he was denied equal protection without any support or allegation of discrimination is insufficient to survive summary judgment. *White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment). Accordingly, the undersigned recommends granting Defendants' summary judgment motion concerning Plaintiff's equal protection claim.

### C.     Due Process Violation

Defendants argue that Plaintiff's circumstances do not implicate any liberty interest, and therefore, his rights have not been violated. ECF No. 37 at 8. Specifically, Defendants maintain that Plaintiff does not have a protected liberty interest in the classification he seeks to retain and none has been created by either the Federal Constitution or South Carolina courts. *Id.* at 9. Rather, Defendants contend Plaintiff's placement in SMU clearly falls within the sentence imposed on him by the South Carolina Court of General Sessions. *Id.*

In his Complaint, Plaintiff alleges that since being placed in SMU he "has attended no committee hearings nor has he been given any disciplinary infraction for the alleged 'investigation.'" ECF No. 1-1 at 1. Additionally, Plaintiff maintains his placement in SMU is unjustifiable, and "he is being denied the opportunity to a meaningful review in order to argue his case, present evidence and call witnesses as to any charges/accusations he may face against him." *Id.* at 2. Moreover, Plaintiff contends that a protected liberty interest may arise when prison authorities impose a restraint on a prisoner and the restraint is an atypical and

significant hardship. *Id.* at 3. Plaintiff alleges that he only supposed to be placed in SMU for only 21 days per SCDC Policy, and he has not been given any indication he has done anything wrong nor has anyone reviewed his continued confinement in SMU. *Id.* at 6.

The Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. "In determining whether state officials have deprived an inmate, [] of a procedurally protected 'liberty,' this Court traditionally has looked either (1) to the nature of the deprivation (how severe, in degree or kind) or (2) to the State's rules governing the imposition of that deprivation (whether they, in effect, give the inmate a 'right' to avoid it)." *Sandin v. Conner*, 515 U.S. 472, 493 (1995). "In order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).

Either the Due Process Clause or state laws afford plaintiffs protected liberty interests. *Berrier v. Allen*, 951 F.2d 622, 624 (4th Cir. 1991); *see also Hewitt v. Helms*, 459 U.S. 460, 466 (1983) ("Liberty interests protected by the Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws of the States."). The Due Process Clause does not create a protected liberty interest in an inmate's particular classification. *See id.* (finding the Due Process Clause does not independently create "an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters"). Additionally, South Carolina law does not afford Plaintiff a protected liberty interest in this situation. *See e.g.*, *Slezak v. Evatt*, 21 F.3d 590, 595 (4th Cir. 1994) ("[B]road empowering statutes do not themselves create the liberty interest necessary to support the inmates' claim."); *Wiles v. Ozmint*, No. 0:05-2111 CMC-

BM, 2006 WL 2260136, at *8 (D.S.C. Aug. 7, 2006) *aff'd*, 221 F. App'x 257 (4th Cir. 2007) ("South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being placed in administrative segregation or any particular prison."); *Rivera v. Byars*, No. 8:12-cv-02219-JMC, 2013 WL 4697177, at *5 (D.S.C. Aug. 30, 2013) ("[T]o the extent Plaintiff argues Defendants have violated SCDC policies or procedures by denying his attendance at meetings to review his classification, assuming without deciding this claim is true, violations of prison policies and/or procedures do not rise to the level of a constitutional violation.").

Because neither federal nor state laws afford Plaintiff a protected liberty interest, Plaintiff's allegations claiming that a due process violation occurred fail as a matter of law. Placement of inmates in SMU is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff." *Jackson v. Bostick,* 760 F. Supp. 524, 528 (D. Md. 1991); *see also Slezak*, 21 F.3d at 593 (affirming dismissal of case where plaintiffs allege that defendants subjected them to "punitive, high security" classification without notice or hearing). Accordingly, the undersigned recommends granting Defendants' Motion on Plaintiff's due process claims.[2]

D.     "Official Capacity" Claims

Defendants argue that 42 U.S.C. § 1983 does not permit "official capacity" suits for damages in these circumstances, and therefore, Plaintiff's claims against Defendants in their official capacities must be dismissed. ECF No. 37 at 11-12.

---

[2] Based on the undersigned's recommendations concerning Plaintiff's equal protection and due process claims, it is unnecessary to address Defendants' argument that Plaintiff's allegations are unclear as to which Defendant he alleges violated his rights. ECF No. 37 at 10.

Should the court not adopt the undersigned's recommendation concerning Plaintiff's equal protection and due process claims, the undersigned recommends dismissing Plaintiff's claims against Defendants in their official capacities. In a § 1983 action, a plaintiff cannot sue a State official, while acting in his or her official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Such suits are barred by the Eleventh Amendment. *Id.* Accordingly, the undersigned recommends dismissing Plaintiff's causes of action against Defendants in their official capacities.

### E.     Qualified Immunity

Defendants assert that they are entitled to qualified immunity on Plaintiff's claims. ECF No. 37 at 12-14. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372

9

F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 37, be granted and that this case be dismissed.

IT IS SO RECOMMENDED.

October 24, 2014                                                              Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**