IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Samuel T. Johnson, | ) | |
| | ) | Civil Action No. 5:13-1616-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Robert M. Stevenson, III, Warden at Broad River Corr. Inst., individual and official capacity, Gregory Washington, Major, individual and official capacity, S. Sutton, Ass. Warden of Broad River Corr. Inst., individual and official capacity, Dennis Bush, Ass. Warden of Broad River Corr. Inst., individual and official capacity, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Samuel T. Johnson, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendants' Motion for Summary Judgment (ECF No. 37) be granted, and Plaintiff's case be dismissed. (ECF No. 44). Plaintiff timely filed objections. (ECF No. 46).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

case, the court reviews the Report only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.  Briefly, Plaintiff alleges various violations of his constitutional rights stemming from his placement in Specialized Management Unit ("SMU") while he was incarcerated in the Broad River Correctional Institution ("BRCI") pending the investigation of an inmate altercation which occurred on May 12, 2012.

The magistrate judge found that Plaintiff's request for injunctive relief was now moot as Plaintiff has been transferred from the BRCI to another institution.  Plaintiff objects and argues that his release from the BRCI's SMU does not ensure that he will not be returned to another SMU in the future in relation to the May 18 2012 incident. [1] The court agrees with the magistrate judge and finds that Plaintiff's request for injunctive relief is now moot.  A change in an inmate's circumstances from those which generated the inmate's request for injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir.2009)("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987)("Because the prisoner has been transferred, his request for injunctive relief is moot.").

Furthermore, the current circumstances do not support the conclusion that Plaintiff's claim falls within the capable of repetition, but evading review exception to the doctrine of

---

[1] Plaintiff now seeks to amend his injunctive relief request to prohibit the SCDC from placing him on SMU in relation to the May 18, 2012 incident.  (Objections at 2).

2

mootness. A narrow exception to the mootness doctrine exists for those claims that are "capable of repetition, yet evading review." *Fed. Election Comm'n v. Wis. Right to Life*, 551 U.S. 449, 462 (2007). To fall within this exception, Plaintiff must demonstrate that: (1) the challenged actions were in their duration too short to be fully litigated prior to their cessation or expiration, and (2) a reasonable expectation exists that he will be subjected to the same actions again. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). The second characteristic requires the same prisoner to face the same alleged illegalities at the same prison. *Wolf v. Anderson*, 2006 WL 218205 *3 (S.D.W.Va.). Plaintiff "need not show with certainty that the situation will recur, but a mere physical or theoretical possibility is insufficient to overcome the jurisdictional hurdle of mootness." *Van Bergen v. State of Minn.*, 59 F.3d. 1541, 1547 (8th Cir.1995). Plaintiff's claim that he may be charged with and convicted of an offense once the investigation is complete would not be the same claim he is raising now - which is that he was held in SMU without being charged while the investigation was conducted.

Plaintiff also alleges due process and equal protection violations based upon his placement into SMU during the investigation of the inmate fight. The magistrate judge concluded that, as far as Plaintiff's equal protection claim, he has not shown any unequal treatment that was the result of intentional or purposeful discrimination. (Report at 5-6). To succeed on an equal protection claim, Plaintiff must show that he was treated differently from others who were similarly situated and that the unequal treatment resulted from intentional or purposeful discriminatory animus. To meet this requirement, he must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir.2003). He also must allege facts that, if "true, would demonstrate that the

disparate treatment lacks justification under the requisite level of scrutiny." *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir.2002).

Plaintiff fails to demonstrate that there were other inmates who were similarly situated or that his placement in SMU was made with discriminatory animus. Accordingly, Plaintiff has failed to allege the necessary elements of an equal protection claim: that he was treated differently from similarly situated inmates with respect to a constitutionally protected right or interest, and that the different treatment was the result of Defendants' discrimination.

As for the due process violations, the magistrate judge concluded that neither federal nor state law afford Plaintiff a protected liberty interest. South Carolina law confers no protected liberty interest upon SCDC inmates from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g., Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992)(*citing Meachum v. Fano*, 427 U.S. 215 (1976)). In order to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486, (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995); *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

Although Plaintiff may disagree with the reasons that he was placed in SMU, the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir.1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Here, Plaintiff contends that he was stripped of all his due process rights in violation of SCDC policy and the precedents established in *Wolfe* and *Sandin*. However, Plaintiff has failed to show that his placement in SMU constitutes such atypical and significant hardship in relation to the ordinary incidents of prison life.[2]

Additionally, Plaintiff has failed to show how his placement in SMU violated his Eighth Amendment rights. "To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir.2009) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996)). Plaintiff's allegations fail to meet these criteria. Plaintiff fails to allege that Defendants have deprived him of basic human needs, such as food, shelter, or medical needs.

---

[2]Plaintiff misinterprets the SCDC policy which provides for a 21-day time period for the initial institutional investigation. There is no requirement that the investigation be completed within 21 days; instead, if the investigation is conducted by the Inspector General Division of Investigation, there is specifically no prescribed time frame. (ECF No. 46-1 at 8). Moreover, a violation of a prison procedural regulation does not provide a basis for a due process violation. *See Weller v. Dept. of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir.1990); *see also Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir.1990) ("[i]f the state law grants more procedural rights than the Constitution would otherwise require, a State's failure to abide that law is not a federal due process issue").

5

The court has thoroughly reviewed the Report, Plaintiff's objections, and the record in this case and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Report (ECF No. 44) and incorporates it herein. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 37) is **GRANTED**, and the case is **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

December 1, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.